IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN ALLEN ARMSTRONG, FM-7192,<br>  Petitioner, | )<br>)<br>) |
|   v. | ) Civil Action No. 07-218<br>) |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br>  Respondents. | )<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Nathan Allen Armstrong for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

II. Report:

Nathan Allen Armstrong, and inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In an Order entered on February 26, 2007, the respondent and the Pennsylvania Board of Probation and Parole were directed to respond and show cause, if any, why the relief sought should not be granted. The gist of the petitioner's contention here is that the respondents have detained him in custody without a legal basis to do so. For the reasons set forth below, this claim is meritless.

Armstrong was convicted upon a plea of guilty to various criminal charges at Nos. 10, 11,

12, 65, 66, 83, 84, 85, 86, 87 and 88 of 2003 in the Court of Common Pleas of Armstrong County, Pennsylvania. This plea was entered on April 10, 2003, and on September 5, 2003 he was sentenced to a cumulative term of not less than three nor more than six years imprisonment, with credit given for pre-sentence custody.[1]  Thus, his minimum terms expired on December 18, 2005 and his maximum will expire on December 18, 2008, at which time he will be released to detainers which have been filed.[2] It is the petitioner's contention, that by imposing consecutive sentences amounting to three to six years, the court violated the purpose of the plea agreement, and that this "illegal" sentence has been honored by the Pennsylvania Board of Probation and Parole [3] Appended to the petition, Armstrong has also submitted a copy of the sentencing hearing transcript in which his attorney responded to the court's inquiry as to a plea agreement:

> There is [a plea agreement] your Honor. The plea arrangement is as follows: The defendant has agreed to plead to all informations. The Court is to impose *a three consecutive felony three sentences of one to two years each*. He is to be recommended for Boot Camp eligible after one year and all other charges would run concurrent and that he would be given credit for time served as allowed by law (emphasis added).[4]

This agreement was again repeated to the court.[5]

The petitioner alleges that on October 18, 2005, the Pennsylvania Board of Probation and Parole, without providing him with an opportunity to be present or respond,  denied his parole

---

[1] See: Answer at ¶¶ 3-5.

[2] See: Exhibit B to the answer.

[3] See: Petition at ¶ ¶ 4and 7.

[4] See: Exhibit A to the petition.

[5] Id.

application and indicated that his case would be reviewed in or after March, 2007.[6] Accordingly, he contends that because his minimum sentence has expired, he is entitled to be released.

The aggregation of sentences is permitted in Pennsylvania. <u>Nickson v. Board of Probation and Parole</u>, 880 A.2d 21 (Pa.Cmwlth. 2005). Thus, the aggregation of his sentence neither violated the plea agreement nor Pennsylvania law.

The relevant Pennsylvania statute, 61 P.S. §331.21 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 455 (1989). In <u>Connecticut v. Dumschat</u>, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution unless the petitioner can demonstrate that the denial of parole was based on "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." <u>Block v. Potter</u>, 631 F.2d 233, 235 (3d Cir.1980). Such is not the case here, since the basis for the denial of parole was:

> Following an interview with you and a review of your file and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests

---

[6] See: Exhibit 4.A to the petition.

do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:

Your minimization/denial of the nature and circumstances of the offense(s) committed.

Your lack of remorse for the offense(s) committed.

The negative recommendation made by the Department of Corrections.

Your need to participate in and complete additional institutional programs.

Your institutional behavior, including reported misconducts or community corrections residency failure.

Your interview with the hearing examiner and/or Board member.[7]

Thus, his contention here is meritless.[8] For this reason, it is recommended that the petition of Nathan Allen Armstrong for a writ of habeas corpus be dismissed and a certificate of appealability be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                      Respectfully submitted,

                                                      s/Robert C. Mitchell,

Entered: March 22, 2007.                     United States Magistrate Judge

---

[7] Id.

[8] There also is some question of exhaustion of state court remedies on this issue. There is nothing which demonstrates that the petitioner challenged the sentence as imposed on September 5, 2003. However, in his petition, Armstrong demonstrates that he did file a habeas corpus petition in the Supreme Court of Pennsylvania in 2006 invoking that Court's original jurisdiction. On January 29, 2007, the Supreme Court granted the application for leave to file the original petition and denied it. While we do not address whether or not this constitutes an exhaustion of state court remedies, we note that clearly that petition was untimely, and thus a procedural default exists here.